IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVID BROWN II, as Independent Administrator of the Estate of DAVID BROWN, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>MATT SMITH, the SHERIFF OF WOODFORD COUNTY, individually and in his official capacity; WOODFORD COUNTY, ILLINOIS; WILLIS SURRATT; GARY HARRIS; JOSEPH HITCHINS; TERRA SHAFFER; ADVANCED CORRECTIONAL HEALTHCARE, INC., an Illinois for-profit corporation; JASON SCOTT SO, D.O.; and ROBIN SIMPSON, R.N.,<br><br>Defendants. | Case No. 18-cv-1168 |

**ANSWER AND AFFIRMATIVE DEFENSES
TO FIRST AMENDED COMPLAINT**

NOW COME Defendants, ADVANCED CORRECTIONAL HEALTHCARE, INC., JASON SCOTT SO, DO, and ROBIN SIMPSON, RN, by their attorneys, QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO, and for their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, state:

**ANSWER**

1. Defendants admit the existence of 42 U.S.C. § 1983 and the United States Constitution, but deny that any deprivation of rights occurred and deny that Plaintiff is entitled to any relief pursuant to that statute.

2. Defendants admit that Brown died in custody at the jail and that he complained on one occasion of 10/10 flank pain, stated that "something ain't right," and asked to be taken to the hospital. Defendants admit that paramedics were not called before Brown was taken out of the general population cells in a wheelchair. Defendants deny that the hospital is "across the street" from the jail, but admit that it is located nearby, approximately a block from the jail. Defendants deny that Brown exhibited "obvious, objective symptoms of a serious medical need" and deny that his death "would easily have been averted." Defendants deny that Plaintiff's narrative accurately characterizes the events which occurred at the jail. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 2 and therefore deny those allegations.

3. On information and belief, Defendants admit the allegations of paragraph 3.

4. Defendants admit the allegations of paragraph 4.

5. Paragraph 5 is not addressed to these Defendants, who therefore decline to answer.

6. Defendants admit the allegations of paragraph 6.

7. Defendants admit that ACH is an Illinois corporation that provides healthcare services at the Woodford County Jail and that Dr. So and Robin Simpson were employed by ACH at the time of the events alleged. Defendants deny the remaining allegations of paragraph 7.

8. Defendants admit the allegations of paragraph 8.

9. Defendants admit the allegations of paragraph 9.

10. Defendants admit that the Court has jurisdiction of the claims asserted.

11. Defendants admit that venue is proper.

12. On information and belief, Defendants admit the allegations of paragraph 12.

13. Defendants admit that the officer conducting the intake process for Brown documented that he did not observe any difficulties with eye contact, mood, affect, intellectual functioning, or appearance and documented that Brown had been hospitalized within the past year for "heart, kidney, prostate." Defendants admit that a sick call request form dated April 13, 2017 was completed. Defendants deny the remaining allegations of paragraph 13.

14. Defendants admit that Simpson saw Brown on April 14, noted his history and problems as indicated in the jail medical records, that he used catheters, that he was only urinating small amounts, and that he was not emptying his bladder. Defendants deny the remaining allegations of paragraph 14.

15. Defendants admit that Brown was seen by Simpson on April 19 and reported flank pain, urinating only small amounts up to 11 times per day, and was unable to completely void. Defendants deny the remaining allegations of paragraph 15.

16. Defendants admit the allegations of paragraph 16.

17. Defendants admit that on April 25, 2017, a correctional officer filled out a sick call request asking to "please follow up with Brown regarding … catheter problems." Defendants deny the remaining allegations of paragraph 17.

18. Defendants admit that Dr. So instructed jail staff that they could discontinue offering catheters if Brown was not using them, but deny the remaining allegations of paragraph 18.

19. Defendants deny the allegations of paragraph 19.

20. Defendants admit that Brown was seen by Simpson on April 26, that he mumbled, stated "something ain't right," and asked to go to the hospital more than once. Defendants deny the remaining allegations of paragraph 20.

21. Defendants admit that Simpson communicated with Dr. So on April 26 and that Brown was not sent to the emergency room at that time. Defendants deny the remaining allegations of paragraph 21.

22. Defendants admit the existence of the surveillance video and what is shown on the video. Defendants deny that they had access to the video at the time of the events.

Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 22.

23. Defendants admit that inmates responded to Brown and requested assistance from correctional officers, who responded to the cell and observed Brown. Defendants deny that officers ignored Brown's medical needs. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 23 and therefore deny those allegations.

24. Defendants admit that Dr. So was contacted and did not order that emergency medical services be called. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 24 and therefore deny those allegations.

25. Defendants deny the allegations of paragraph 25.

26. Defendants admit that Brown was transferred by wheelchair to another cell for observation. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 26 and therefore deny those allegations.

27. Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 27 and therefore deny those allegations.

28. Defendants admit that one of the officers checked on Brown, found him to be unresponsive, and that deputies contacted emergency medical services. Defendants

admit that efforts at resuscitation failed and that Brown died on April 27, 2017. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 28 and therefore deny those allegations.

29. Defendants admit that the autopsy states that Brown died from acute pyelonephritis and that his bladder contained approximately 1500 ml of fluid. Defendants deny that they were indifferent to any serious medical needs and deny that they caused Brown to die a preventable death. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the facts and opinions contained in the autopsy report and the remaining allegations of paragraph 29 and therefore deny those allegations.

30. Defendants deny the allegations of paragraph 30.

31. On information and belief, Defendants admit that Plaintiff survives. Defendants deny the remaining allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. This paragraph is not directed against these Defendants, who therefore decline to answer.

43. Defendants deny the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

45. Defendants admit the allegations of paragraph 45.

WHEREFORE, Defendants, ADVANCED CORRECTIONAL HEALTHCARE, INC., JASON SCOTT SO, DO, and ROBIN SIMPSON, RN, pray that this Court enter judgment in bar of Plaintiff's First Amended Complaint, that Defendants have their attorneys' fees and costs at Plaintiff's expense, and for such other and further relief as the Court deems just.

DEFENDANTS DEMAND TRIAL BY JURY.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Qualified or Good Faith Immunity

1. At the time and place alleged in Plaintiff's First Amended Complaint, the law was not clearly established such that Defendants So and Simpson would have been on notice that their acts or omissions with respect to Brown's medical care were a violation of his constitutional rights. Defendants acted in good faith in providing medical care to Plaintiff at the jail, saw him on numerous occasions, conveyed medical information to

7

appropriate providers, ordered medical treatment, and followed instructions of the providers. They are therefore entitled to good faith immunity.

2. Defendants acknowledge that the Seventh Circuit has held that qualified immunity is not available to private medical contractors and their employees, such as Defendants. Defendants believe that the Supreme Court has not conclusively ruled on this issue and plead qualified immunity to preserve the issue.

3. Defendants plead good faith immunity in the alternative, as the Supreme Court has suggested that private contractors might be entitled to assert a good faith immunity if qualified immunity is not available to them. *See, Richardson v. McKnight*, 521 U.S. 399, 413-414 (1997) (discussing whether the court might recognize a good faith defense for private actors if they are not entitled to qualified immunity).

WHEREFORE, Defendants, JASON SCOTT SO, DO, and ROBIN SIMPSON, RN, pray that this Court enter judgment in bar of Plaintiff's First Amended Complaint, that Defendants have their attorneys' fees and costs at Plaintiff's expense, and for such other and further relief as the Court deems just.

DEFENDANTS DEMAND TRIAL BY JURY.

### Second Affirmative Defense – Comparative Fault

1. Defendants have denied and continue to deny any liability to Plaintiff. In the alternative, if Defendants are held liable, Plaintiff's recovery should be reduced by Brown's contributory negligence.

2. At the times and places alleged in the First Amended Complaint, Brown owed a duty of ordinary care for his own health and welfare.

3. In violation of his duty of ordinary care, Brown committed one or more of the following negligent acts and/or omissions:

    a. Failed to accurately report his symptoms and conditions to correctional and/or medical staff;

    b. Failed to fully and accurately report his medical history to correctional and/or medical staff;

    c. Failed to follow medical directives and orders given by Defendants and other providers;

    d. Failed to take medications or comply with medication regimens prescribed for him;

    e. Failed to use catheters provided by medical and/or correctional staff; and

    f. Refused medical assistance offered by medical and/or correctional staff, including assistance with catheterization.

4. One or more of the foregoing acts, omissions, and/or violations of Illinois law was a proximate cause or the proximate cause of Plaintiff's claimed injuries.

5. Illinois law provides that "[i]n all actions on account of bodily injury or death …, based on negligence …, the plaintiff shall be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought. The plaintiff shall not be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is not more than 50% of the proximate

cause of the injury or damage for which recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of fault attributable to the plaintiff." 735 ILCS 5/2-1116.

6. Pursuant to 735 ILCS 5/2-1116, Plaintiff's recovery must be barred or reduced by Brown's comparative fault.

WHEREFORE, Defendants, ADVANCED CORRECTIONAL HEALTHCARE, INC., JASON SCOTT SO, DO, and ROBIN SIMPSON, RN, respectfully pray that the Court enter an Order barring Plaintiff's recovery if Brown is found to be more than 50% at fault or reducing Plaintiff's recovery by Brown's comparative fault if such fault is 50% or less of the total combined fault, and that they have their costs herein.

DEFENDANTS DEMAND TRIAL BY JURY.

### Third Affirmative Defense – Failure to Mitigate Damages

1. At the time and place alleged, Brown had a duty to take reasonable measures to mitigate his damages. Despite this duty, Brown failed to mitigate his damages in the following ways:

   a. Failed to accurately report his symptoms and conditions to correctional and/or medical staff;

   b. Failed to fully and accurately report his medical history to correctional and/or medical staff;

   c. Failed to follow medical directives and orders given by Defendants and other providers;

    d. Failed to take medications or comply with medication regimens prescribed for him;

    e. Failed to use catheters provided by medical and/or correctional staff; and

    f. Refused medical assistance offered by medical and/or correctional staff, including assistance with catheterization.

2. Plaintiff is not entitled to recover for any damages that could have been mitigated by the exercise of reasonable measures on his part.

WHEREFORE, Defendants, ADVANCED CORRECTIONAL HEALTHCARE, INC., JASON SCOTT SO, DO, and ROBIN SIMPSON, RN, pray that this Court enter judgment in bar of Plaintiff's First Amended Complaint or, in the alternative, that elements of damages that could have been mitigated be denied, that Defendants have their attorneys' fees and costs at Plaintiff's expense, and for such other and further relief as the Court deems just.

DEFENDANTS DEMAND TRIAL BY JURY.

## Fourth Affirmative Defense – Several Liability

1. If any of the Defendants are found to be less than 25% at fault pursuant to 735 ILCS 5/2-1117, then they should be severally liable only for all injuries and damages other than medical and medically-related expenses.

2. Each of the ACH Defendants individually is less than 25% at fault for the injuries and damages sought by Plaintiff and should be only severally liable for any damages which may be awarded in this matter.

WHEREFORE, Defendants, ADVANCED CORRECTIONAL HEALTHCARE, INC., JASON SCOTT SO, DO, and ROBIN SIMPSON, RN, respectfully pray that, if judgment is entered in favor of the Plaintiff and that one or more of them are found to be less than 25% at fault pursuant to 735 ILCS 5/2-1117, they be only severally liable for any judgment entered herein.

DEFENDANTS DEMAND TRIAL BY JURY.

        ADVANCED CORRECTIONAL HEALTHCARE, INC.,
        JASON SCOTT SO, DO, and ROBIN SIMPSON, RN,
        Defendants

        By:     *s/Peter R. Jennetten*
                Peter R. Jennetten
        QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO

Peter R. Jennetten (Illinois Bar No. 6237377)
pjennetten@quinnjohnston.com
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
227 N.E. Jefferson Ave.
Peoria, IL 61602-1211
(309) 674-1133 (phone)
(309) 674-6503 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on **July 6, 2018**, I electronically filed this **ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| John K. Kennedy<br>jkennedy@jdmlaw.com<br>Daniel Watkins, II<br>dwatkins@jdmlaw.com<br>James D. Montgomery & Associates, Ltd. | **Attorneys for Plaintiff** |
| Bhairav Radia<br>bradia@okgc.com<br>O'Halloran, Kosoff, Geitner & Cook, LLC | **Attorneys for Woodford County Defendants** |

*s/Peter R. Jennetten*
Peter R. Jennetten (Illinois Bar No. 6237377)
pjennetten@quinnjohnston.com
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
227 N.E. Jefferson Ave.
Peoria, IL  61602-1211
(309) 674-1133 (phone)
(309) 674-6503 (fax)

4811-4557-6044, v. 1