IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVID BROWN II, as Independent Administrator of the Estate of DAVID BROWN, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>MATT SMITH, the SHERIFF OF WOODFORD COUNTY, individually and in his official capacity; WOODFORD COUNTY, ILLINOIS; WILLIS SURRATT; GARY HARRIS; JOSEPH HITCHINS; TERRA SHAFFER; DARIN HOUSEHOLTER; DOUG FLETCHER; DANIEL THOMPSON; COURTNEY SOTO; KYLE DURST; JIM ELLIOTT; ROBERT PLOPPER; SHANE AMIGONI; JOE SOTO; CHAD PYLES; KELSEY KOWALSKI; ADVANCED CORRECTIONAL HEALTHCARE, INC., an Illinois for-profit corporation; JASON SCOTT SO, D.O.; and ROBIN SIMPSON, R.N.,<br><br>Defendants. | Case No. 18-cv-1168 |

## MOTION FOR HIPAA QUALIFIED PROTECTIVE ORDER

NOW COME Defendants, ADVANCED CORRECTIONAL HEALTHCARE, INC., JASON SCOTT SO, DO, and ROBIN SIMPSON, RN, by their attorneys, QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO, and, pursuant to Federal Rule of

Civil Procedure 26(c) and 45 C.F.R. §164.512, respectfully request that this Court issue a HIPAA Qualified Protective Order and as grounds therefor, state:

1.  This case involves allegations of civil rights violations which allegedly caused personal injuries to Plaintiff's decedent, David Brown.

2.  In order to properly defend this litigation, it is imperative that Defendants be permitted to subpoena Plaintiff's decedent's medical records.

3.  The Federal Rules of Civil Procedure permit the Clerk to issue subpoenas *duces tecum* to permit production of items specified in the subpoena. Fed.R.Civ.P. 45.

4.  The Standards for Privacy of Individually Identifiable Health Information ("Privacy Rule") which implement the Health Insurance Portability and Accountability Act (HIPAA) establishes the rules which health care providers must follow when using and disclosing medical records. Health care providers constitute "covered entities" under the Privacy Rule. 45 C.F.R. §160.103. Accordingly, health care providers cannot release a patient's medical records to third parties for purposes other than treatment, payment or health care operations, unless specific requirements contained in the Privacy Rule are met.

5.  The Privacy Rule indicates covered entities may disclose records in response to a subpoena if the covered entity receives satisfactory assurances that the party serving the subpoena has made efforts to secure a Qualified Protective Order which meets the requirements of the relevant section of the Privacy Rule. 45 C.F.R. §164.512(1)(ii).

6. The two requirements under that section of the Privacy Rule are that the Order: (1) prohibits parties from using or disclosing the protected health information for any purpose other than the litigation for which the information is requested; and (2) requires the return of the protected health information, including all copies made, to the covered entity or the destruction of that information at the end of the litigation or proceedings. 45 C.F.R. §164.512(iv). Defendants are seeking a Qualified Protective Order which comports with these terms.

7. Because it is imperative that Defendants be permitted to serve subpoenas upon health care providers which constitute covered entities under the Privacy Rule, it is crucial to this litigation that this Court issue a Qualified Protective Order.

8. By serving a copy of this Motion on Plaintiff's attorney, Plaintiff will have received sufficient information about this proceeding to raise an objection to any disclosures associated with said subpoenas pursuant to 45 C.F.R. §164.512(iii).

9. A copy of the proposed HIPAA Qualified Protective Order is attached hereto.

WHEREFORE, Defendants, ADVANCED CORRECTIONAL HEALTHCARE, INC., JASON SCOTT SO, DO, and ROBIN SIMPSON, RN, respectfully request that this Court grant their Motion for HIPAA Qualified Protective Order, and for such other and further relief as the Court deems just.

ADVANCED CORRECTIONAL HEALTHCARE, INC., JASON SCOTT SO, DO, and ROBIN SIMPSON, RN, Defendants


By: _____*s/Peter R. Jennetten*_____
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO

Peter R. Jennetten (Illinois Bar No. 6237377)
pjennetten@quinnjohnston.com
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
227 N.E. Jefferson Ave.
Peoria, IL  61602-1211
(309) 674-1133 (phone)
(309) 674-6503 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on **January 17, 2019**, I electronically filed this **MOTION FOR HIPAA QUALIFIED PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| John K. Kennedy<br>jkennedy@kwlawchicago.com<br>Kennedy Watkins LLC | **Attorneys for Plaintiff** |
| Bhairav Radia<br>bradia@okgc.com<br>O'Halloran, Kosoff, Geitner & Cook, LLC | **Attorneys for Woodford County Defendants** |

*s/Peter R. Jennetten*
Peter R. Jennetten (Illinois Bar No. 6237377)
pjennetten@quinnjohnston.com
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
227 N.E. Jefferson Ave.
Peoria, IL  61602-1211
(309) 674-1133 (phone)
(309) 674-6503 (fax)

4841-0518-8229, v. 1