# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| DAVID BROWN II, *as Independent Administrator of the Estate of David Brown*, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:18-cv-1168 |
| v. | ) ) ) | |
| MATT SMITH, *individually and in his official capacity*; WOODFORD COUNTY, ILLINOIS; WILLIS SURRATT; GARY HARRIS; JOSEPH HITCHINS; TERRA SHAFFER; DARIN HOUSEHOLTER; DOUG FLETCHER; DANIEL THOMPSON; COURTNEY SOTO; KYLE DURST; JIM ELLIOTT; ROBERT PLOPPER; SHANE AMIGONI; JOE SOTO; CHAD PYLES; KELSEY KOWALSKI; ADVANCED CORRECTIONAL HEALTHCARE, INC.; JASON SCOTT SO; and ROBIN SIMPSON; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER & OPINION**

This matter is before the Court on an Unopposed Motion for a Finding of Good Faith Settlement (Doc. 83), jointly filed by Plaintiff David Brown II, as Independent Administrator of the Estate of David Brown, and Defendants Woodford County, Illinois; Woodford County Sheriff Matt Smith; and Woodford County Sheriff's Deputies Willis Surratt, Gary Harris, Joseph Hitchins, Terra Shaffer, Darin Householter, Doug Fletcher, Daniel Thompson, Courtney Soto, Kyle Durst, Jim

Elliott, Robert Plopper, Shane Amigoni, Joe Soto, Chad Pyles, and Kelsey Kowalski. The Motion is ripe. For the following reasons, the Motion is GRANTED.

## BACKGROUND[1]

David Brown died while in custody at the Woodford County Jail in April 2017. (Docs. 79 at 2; 82 at 2). Following Mr. Brown's death, Plaintiff, in his capacity as the independent administrator of Mr. Brown's estate, filed this lawsuit. (Docs. 79 at 2; 82 at 2). The defendants can be separated into two groups: the County Defendants and the Medical Defendants. The County Defendants include Woodford County, Illinois; Woodford County Sheriff Matt Smith; and Woodford County Sheriff's Deputies Willis Surratt, Gary Harris, Joseph Hitchins, Terra Shaffer, Darin Householter, Doug Fletcher, Daniel Thompson, Courtney Soto, Kyle Durst, Jim Elliott, Robert Plopper, Shane Amigoni, Joe Soto, Chad Pyles, and Kelsey Kowalski. The Medical Defendants include Advanced Correctional Healthcare, Inc. (ACH), Dr. Jason Scott So, and Nurse Robin Simpson; the latter two were employed by ACH at all times relevant to this case. (Docs. 79 at 3–4; 82 at 2).

The Third Amended Complaint alleges (1) a claim under 42 U.S.C. § 1983 against Defendants Surratt, Harris, Hitchins, Shaffer, Householter, Fletcher, Thompson, C. Soto, Durst, Elliott, Plopper, Amigoni, J. Soto, Pyles, Kowalski, Dr. So, and Nurse Simpson for "deliberate indifference to Mr. Brown's serious medical needs" and "their failure to intervene"; (2) an Illinois law claim for willful and wanton

---

[1] The facts in this section are limited to those necessary to provide context for the instant Motion; they are either facts admitted in the Defendants' answers or are facts of procedural history that cannot reasonably be disputed.

negligence against Defendants Surratt, Harris, Hitchens, and Shaffer as well as Smith and Woodford County on a *respondeat superior* theory; (3) an Illinois law claim for indemnification against Defendants Smith and Woodford County under 745 ILCS 10/9-102; and (4) an Illinois law claim for medical malpractice against Dr. So and Nurse Simpson as well as ACH on a *respondeat superior* theory. (Doc. 79 at 10–11).

## DISCUSSION

Plaintiff has reached a settlement with the County Defendants. Plaintiff and the County Defendants jointly ask this Court to find the settlement was reached in good faith. (Doc. 83). The Motion states the Medical Defendants do not oppose a finding of good faith, so long as the instant settlement sets off any judgment for damages awarded in this case against the Medical Defendants.[2] (Doc. 83 at 5).

Absent a full briefing by the parties, the Court is disinclined to definitively state whether Illinois law or federal common law applies to the instant issues at this stage of the proceedings. However, the lack of opposition to a finding of good faith by the Medical Defendants (*i.e.*, the nonsettling parties) is significant. *See Antonicelli v. Rodriguez*, 2018 IL 121943, ¶ 23, 104 N.E.3d 1211 (stating, under Illinois law, the nonsettling party bears the burden of proving, by a preponderance of the evidence, the absence of good faith)[3]; *Fox ex rel. Fox v. Barnes*, No. 09-cv-5453, 2013 WL

---

[2] The time for filing a response in opposition to the instant Motion has passed.
[3] Under Illinois law, "[t]he settling parties have the initial burden of making a preliminary showing of good faith under the [Joint Tortfeasor] Contribution Act[,] and that burden "is met with proof of a legally valid settlement agreement." *Antonicelli*, 2018 IL 121943, ¶ 23. The settling parties attached a copy of their settlement agreement to the instant Motion. (Doc. 83-1). The Court has no reason to question the legal validity of the agreement, as it appears to be a bargained-for

3

2111816, at *10 (N.D. Ill. May 15, 2013) (noting, under federal law, the burden of proving bad faith is on the nonsettling party (citing *King v. Acosta Sales & Mktg., Inc.*, 678 F.3d 470, 474 (7th Cir. 2012), and *Banks ex rel. Banks v. Yokemick*, 177 F. Supp. 2d 239, 265 (S.D.N.Y. 2001)). Because the burden of proving the absence of good faith lies with the nonsettling party under both Illinois and federal law, the Medical Defendants' lack of opposition to the instant Motion allows the Court to grant the Motion regardless of which law applies.

As to the issue of setoff, both Illinois law and federal common law generally permit the parties' request that the Court find a setoff is warranted should a judgment for damages be entered against the Medical Defendants in this case. *See* Joint Tortfeasor Contribution Act, 740 ILCS 100/2(c) (stating a good-faith settlement "reduces the recovery on any claim against [the nonsettling parties] to the extent of any amount stated in the [settlement], or in the amount of the consideration actually paid for it, whichever is greater"); *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 208 (1994) ("It is generally agreed that when a plaintiff settles with one of several joint tortfeasors, the nonsettling defendants are entitled to a credit for that settlement. There is, however, a divergence among respected scholars and judges about how that credit should be determined."); *Fox*, 2013 WL 2111816, at *7 (N.D. Ill. May 15, 2013) (finding Seventh Circuit precedent indicates the *pro tanto* approach, a dollar-for-dollar setoff similar to that allowed by Illinois' Joint Tortfeasor Contribution Act,

---

exchange supported by adequate consideration; thus, the Court finds the settling parties met their initial burden under Illinois law, thereby shifting the burden to the Medical Defendants, as the nonsettling parties, to prove the absence of good faith.

4

ought to apply in § 1983 cases). That being said, the parties are reminded that public entities, such as Woodford County, and public employees acting in their official capacity, such as the Woodford County Sheriff and his deputies, are immune from punitive damages under 745 ILCS 10/2-102, meaning Illinois law prohibits the instant settlement from offsetting an award for punitive damages. Similarly, Illinois public policy prohibits the use of funds paid by an insurer, such as the settlement here (Doc. 83-1 at 3), from being used to pay punitive damages.

## CONCLUSION

THE COURT THEREFORE FINDS the settlement agreement between Plaintiff David Brown II, as Independent Administrator of the Estate of David Brown, and Defendants Woodford County, Illinois; Woodford County Sheriff Matt Smith; and Woodford County Sheriff's Deputies Willis Surratt, Gary Harris, Joseph Hitchins, Terra Shaffer, Darin Householter, Doug Fletcher, Daniel Thompson, Courtney Soto, Kyle Durst, Jim Elliott, Robert Plopper, Shane Amigoni, Joe Soto, Chad Pyles, and Kelsey Kowalski was reached in good faith, and Defendants Advanced Correctional Healthcare, Inc., Jason Scott So, and Robin Simpson are entitled to a setoff consistent with applicable law and public policy.

SO ORDERED.

Entered this 8th day of August 2019.

/s Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge