# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| DAVID BROWN II, *as Independent Administrator of the Estate of David Brown*, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.  1:18-cv-1168 |
| v. | ) ) ) | |
| MATT SMITH, *individually and in his official capacity*; WOODFORD COUNTY, ILLINOIS; WILLIS SURRATT; GARY HARRIS; JOSEPH HITCHINS; TERRA SHAFFER; DARIN HOUSEHOLTER; DOUG FLETCHER; DANIEL THOMPSON; COURTNEY SOTO; KYLE DURST; JIM ELLIOTT; ROBERT PLOPPER; SHANE AMIGONI; JOE SOTO; CHAD PYLES; KELSEY KOWALSKI; ADVANCED CORRECTIONAL HEALTHCARE, INC.; JASON SCOTT SO; and ROBIN SIMPSON; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is Plaintiff David Brown II's Motion to Adjudicate Discharged Law Firm's *Quantum Meruit* (Doc. 88). For the following reasons, the Motion is stricken from the record.

Local Rule 7.1(B)(1) requires a motion to "identify[ ] the Rule under which the motion is filed." Plaintiff's Motion does not identify any rule or otherwise cite precedent conferring authority to adjudicate—in this procedural posture—any

*quantum meruit* owed to a discharged law firm. The Motion is therefore stricken for noncompliance with Local Rule 7.1(B)(1).

Notwithstanding, the Court is doubtful it could hear the Motion. At its core, Plaintiff's Motion seeks to assert a right purportedly belonging to James D. Montgomery and Associates, Ltd., who is not currently connected to this case in any way. This raises issues relating to standing, jurisdiction, and *ex parte* communications among other concerns. Plaintiff seeks this Court's involvement where there is currently no case or controversy between the relevant parties; to the Court's knowledge, James D. Montgomery and Associates, Ltd. has not formally sought to assert a right to the portion of the settlement at issue. Even if it were to assert such a right, nothing prevents agreement—without judicial involvement—between Kennedy Watkins LLC and James D. Montgomery and Associates, Ltd. as to any amount owing to the latter.

As to Plaintiff's concern about distributing the settlement, the Court sees no cause for it. Nothing prevents the settlement being properly dispersed. Per the applicable fee agreement, Plaintiff is entitled to two-thirds of the settlement amount, while the remainder is reserved for the attorneys' fees. (Doc. 88-2). A third of the attorneys' fees goes to Staver Accident Injury Lawyers, P.C., while the remainder goes to Kennedy Watkins LLC (Doc. 88-2), subject to any amount owing to James D. Montgomery and Associates, Ltd. Thus, a relatively small amount of the settlement is impacted by James D. Montgomery and Associates, Ltd.'s potential interest and that amount is earmarked to Kennedy Watkins LLC; any potential dispute is solely

between Kennedy Watkins LLC and James D. Montgomery and Associates, Ltd., meaning Plaintiff and Staver Accident Injury Lawyers, P.C. may receive their portions conflict-free.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Adjudicate Discharged Law Firm's *Quantum Meruit* (Doc. 88) is STRICKEN from the record for noncompliance with Local Rule 7.1(B)(1). The Clerk is directed to mail a copy of this Order to James D. Montgomery and Associates, Ltd., 33 W. Monroe St., Suite 1375, Chicago, IL 60603.

SO ORDERED.

Entered this 12th day of September 2019.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                     United States Senior District Judge